IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raqib Abdul al-Amin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:21-2738-BHH |
| v. ) | |
| ) | |
| Warden Charles Williams; Denis; ) | **ORDER** |
| Patterson; Bryan Stirling, *Director* ) | |
| *of South Carolina Dept. of Corr.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Raqib Abdul al-Amin's ("Plaintiff") pro se action filed pursuant to 42 U.S.C. § 1983. On November 24, 2021, Defendants Warden Charles Williams, Denis Patterson, and Bryan Stirling, Director of South Carolina Department of Corrections (collectively "Defendants") filed a motion for summary judgment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On April 1, 2022, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion for summary judgment as to Plaintiff's federal claims and remand a state law gross negligence claim to the Greenville County Court of Common Pleas.

Defendants filed objections to the Magistrate Judge's Report, agreeing with the Magistrate's Judge's findings as to Plaintiff's federal claims but objecting to the Magistrate Judge's recommendation that the Court remand any state law claim. Plaintiff also filed objections to the Magistrate Judge's Report, objecting to the Magistrate Judge's treatment of his federal claims and the Magistrate Judge's recommendation that the Court remand

a state law claim. Defendants filed a reply to Plaintiff's objections, and the matters are ripe for review.

For the reasons set forth herein, the Court adopts the Magistrate Judge's recommendations as to Plaintiff's federal claims but sustains Plaintiff's and Defendants' objections as to any state law claim, as explained below.

## BACKGROUND

Plaintiff is an inmate at Perry Correctional Institution ("Perry"), a facility of the South Carolina Department of Corrections ("SCDC"). On or about December 3, 2020, Plaintiff received information that an inmate named Curtis Waters ("Waters") had returned to Perry, and Plaintiff alleges that he and Waters had a history of tension because Waters had falsely accused Plaintiff of violating the Prison Rape Elimination Act ("PREA"). Plaintiff asserts that he spoke with Sergeant Lindsay to confirm that Waters had returned to Perry and to inform her of the issues he had with Waters two years before. Sergeant Lindsay filed an incident report summarizing her conversation with Plaintiff, in which she stated that Plaintiff threatened to kill Waters and that the statement was heard by two other officers. Plaintiff insists that Sergeant Lindsay misconstrued his statements, but Plaintiff was charged with threatening to inflict harm on an inmate.

Clayton Holbrook of the SCDC Classifications Division filed an affidavit indicating that Plaintiff was placed in a Restricted Housing Unit ("RHU") following Sergeant Lindsay's incident report, based on Plaintiff posing a risk to Water's safety, and to protect Plaintiff from Waters. The RHU is a high-security dormitory for inmates with documented disciplinary sanctions or security risks. On December 9, 2020, Plaintiff accepted an administrative resolution of the charge, thereby waiving his right to a disciplinary hearing,

and he was sanctioned to five days of disciplinary detention in the RHU. Additionally, Perry staff submitted a separation request to the Central Classification Committee for Plaintiff and Waters, as well as a request that Waters be transferred to another institution.

According to Plaintiff, at the end of his five-day sanctioned detention, he was told that he had not been returned to the general population because a separation had been requested. On December 17, 2020, the Central Classification Committee found the requested separation of Plaintiff and Waters to be "invalid" but agreed with the transfer request for Waters. Over the next several weeks, Plaintiff filed several grievances and requests regarding his continued detention in the RHU. Ultimately, Waters was transferred from Perry on March 3, 2021, and Plaintiff was released from the RHU the following day, after 91 days of confinement in the RHU.

In his amended complaint, Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for denial of due process in violation of the Fourteenth Amendment and deliberate indifference to his conditions of confinement in violation of the Eighth Amendment, all stemming from his continued detention in the RHU. (ECF No. 14-1 at 13.) Attached to Plaintiff's amended complaint is a page labeled "tort claim," in which Plaintiff alleges he is suing the Defendants pursuant to the South Carolina Tort Claims Act because of Defendants' gross negligence although Plaintiff also alleges "[t]his Tort Claim is pursuant to 1983." (ECF No. 14-2.) This page is unsigned, but the Magistrate Judge construed it as a separate state law claim for gross negligence.

## **STANDARDS OF REVIEW**

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

### I. Plaintiff's Fourteenth Amendment Claim

In her Report, the Magistrate Judge first considered the merits of Plaintiff's Fourteenth Amendment claim, noting that Plaintiff must satisfy a two-part test to establish a procedural due process violation: (1) Plaintiff must demonstrate he had a protected liberty interest in avoiding confinement in the RHU at Perry; and (2) Plaintiff must show that Defendants failed to afford him minimally adequate process to protect that liberty interest. *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020). With respect to the first part of the test, the Magistrate Judge explained that because Plaintiff is a convicted prisoner, he does not have an inherent, constitutional liberty interest in release from the RHU. Instead, the Magistrate Judge explained that Plaintiff must identify a state-created interest in avoiding the RHU by showing, first, "that there is a basis for an interest or expectation in state regulations for avoiding such confinement, and second, that the conditions impose atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 275 (internal quotation marks omitted).

The Magistrate Judge found that Plaintiff met the first prong in establishing a state-created liberty interest based on SCDC policy, which prescribes a review procedure to determine if an inmate's segregation status is appropriate. *See* SCDC Policy OP-22.38 "Restrictive Housing Unit" § 1.3, 1.4 & 1.5. Next, the Magistrate Judge considered the three primary factors for determining whether Plaintiff could show that the conditions in the

5

RHU constitute an atypical and significant hardship to the "ordinary incidents of prison life": "(1) the magnitude of confinement restrictions; (2) whether the administrative segregation is for an indefinite period; and (3) whether assignment to administrative segregation had any collateral consequences on the inmate's sentence.'" *Id.* at 275 (quoting *Incumaa v. Stirling*, 791 F.3d 517, 530 (4th Cir. 2015)).

The Magistrate Judge determined that the first factor was the only factor weighing in Plaintiff's favor due to the additional restrictions upon inmates in the RHU versus inmates in the general population. However, the Magistrate Jude explained that the severity of the conditions alone did not create a liberty interest because the second and third factors did not weigh in Plaintiff's favor. Specifically, with respect to the second factor, the Magistrate Judge found that Plaintiff could not prevail on a showing of indefiniteness of confinement in the RHU because although Plaintiff's 91 days in the RHU surpassed the initial five-day sanction, the evidence of record, unrefuted by Plaintiff, showed that Plaintiff remained in the RHU after the completion of his five-day detention because Perry staff had not received a response from the Classification Committee about the separation and transfer requests that were made the day after the underlying incident. Ultimately, the Magistrate Judge concluded that Plaintiff's detention was not the type of indefinite confinement at issue in *Wilkinson v. Austin*, 545 U.S. 209 (2005), nor was it even close to the 20-year period of confinement at issue in *Smith*. 964 F.3d at 277.

The Magistrate Judge also found that Plaintiff could not prevail on the third factor because he failed to allege, let alone offer any evidence showing, that his confinement had any collateral consequences on his sentence. Thus, the Magistrate Judge again found the facts of this case distinguishable from *Wilkinson* and *Smith*.

6

In his objections to the Magistrate Judge's Report, Plaintiff first takes issue with the Magistrate Judge's reliance on the affidavit of SCDC employee Clayton Holbrook. (ECF No. 47 at 2.) Plaintiff contends that Holbrook offered no other evidence to support his affidavit, and that Holbrook's affidavit is not based on personal knowledge and is a misrepresentation. After review, the Court finds no merit to Plaintiff's objection and finds that the Magistrate Judge did not properly relied on the affidavit, which was made in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff continues his objections by asserting that there is no evidence or documentation to support that prison officials received rumors of a conflict between Plaintiff and Waters, and he complains that the Report fails to allege that Plaintiff was characterized as disruptive, hostile, aggressive, or potentially assaultive. (*Id.* at 4.) Ultimately, Plaintiff's objections do not alter the Magistrate Judge's analysis because the Magistrate Judge properly relied on Holbrook's affidavit and the other evidence of record, and Plaintiff has not pointed to any evidence to create a genuine issue of material fact as to this claim.

Next, Plaintiff asserts that he satisfied the two-part test of his procedural due process claim because he demonstrated a protected liberty interest in avoiding excessive confinement and showed that Defendants failed to afford him minimally adequate process. (*Id.* at 6.) Indeed, the Magistrate Judge found that Plaintiff demonstrated a protected liberty interest as Plaintiff asserts. However, as explained above, the Magistrate Judge found that Plaintiff failed to show that the conditions of the RHU imposed an atypical and significant hardship in relation to the ordinary incidents of prisoner life. To that end, the Magistrate Judge evaluated the *Wilkinson* factors, as set forth above, and Plaintiff again objects in response that he did not pose a threat to Waters and that there was no evidence of a prior

conflict with Waters.

After de novo review, the Court finds no merit to Plaintiff's objections, and the Court ultimately finds no error in the Magistrate Judge's thorough analysis of the *Wilkinson* factors. As the Magistrate Judge concluded, the first *Wilkinson* factor is the only factor weighing in Plaintiff's favor, yet not enough to overcome the remaining two factors. Moreover, Plaintiff's unsupported arguments addressing the justification of his confinement in the first instance are not responsive to the critical issues of whether the administrative segregation was for an indefinite period (it was not) or whether assignment to administrative segregation had any collateral consequences on the inmate's sentence (it did not). Accordingly, the Court finds Plaintiff's objections unavailing and agrees with the Magistrate Judge that Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment due process claim.

## II.     **Plaintiff's Eighth Amendment Claim**

In her Report, the Magistrate Judge next evaluated Plaintiff's Eighth Amendment claim regarding Plaintiff's conditions of confinement, explaining that to proceed Plaintiff needed to demonstrate that (1) objectively, he suffered a sufficiently serious deprivation or injury; and (2) that, subjectively, prison officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Magistrate Judge further explained that "[t]he Constitution does not mandate comfortable prisons," but "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Id.* at 832 (internal quotations and citations omitted). Further, as the Magistrate Judge noted, to state a claim that conditions of confinement violate constitutional requirements, "plaintiff must show 'both (1) a serious

deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). And a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from his exposure to challenged conditions. *See De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Importantly, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

In her Report, the Magistrate Judge agreed with Defendants that Plaintiff failed to satisfy the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), noting that Plaintiff complained mainly of mental and emotional distress. With respect to the two physical injuries that Plaintiff does allege, namely, the loss of 20 pounds and increased self-injury during short periods of sleep at night, the Magistrate Judge determined that (1) Plaintiff's weight loss was the result of Plaintiff's self-imposed hunger strike and is not sufficient to show physical injury for purposes of a conditions-of-confinement claim; and (2) Plaintiff's exacerbated REM sleep behavioral disorder resulted in self-inflicted injuries, which do not serve as a physical injury under 42 U.S.C. § 1997e(e).

In his objections, Plaintiff asserts that he suffered "a serious and significant physical and mental injury as a result of the challenged conditions," and he contends that his psychologist had to readjust his medications because of his weight loss and because he would injure himself as a result of his REM sleep behavioral disorder. (ECF No. 47 at 14.) Plaintiff objects to the Magistrate Judge's conclusion that he lost weight due to a hunger

9

strike, asserting that Defendants' evidence shows only two days of not eating, and he argues that there is no evidence of self-inflicted injuries.

After de novo review, the Court finds no merit to Plaintiff's objections. As the Magistrate Judge properly explained, Plaintiff's alleged mental and emotional injuries do not satisfy the physical injury requirement of the PLRA. Furthermore, with respect to Plaintiff's two alleged physical injuries–weight loss and self-injury during short periods of sleep–Plaintiff's own allegations in his amended complaint refute his objections. First, with respect to his weight loss, Plaintiff himself alleges that he did not eat for 11 days. (ECF No. 14-1 at 8.) And with respect to his REM sleep disorder, it is Plaintiff who alleges self-inflicted injuries. For example, Plaintiff asserts that he was concerned "of an increase in lack of sleep and he was substantially causing physical harm to himself," and he asserts that he "showed the doctor how he had been sufficient [sic] physically injuring himself during short episode[s] of sleep at night." (*Id.* at 6-7.) Overall, the Court agrees with the Magistrate Judge that these self-inflicted injuries do not satisfy the physical injury requirement of the PLRA. Moreover, even if they did, Plaintiff still fails to demonstrate a genuine issue of material fact as to whether these injuries were sufficiently serious to satisfy the objective component of his Eighth Amendment claim. Accordingly, the Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

### III.     **State Law Claim**

In her Report, the Magistrate Judge found that Plaintiff's amended complaint also contains a state law claim for gross negligence based on a page attached as an exhibit to the complaint and captioned "tort claim." (ECF No. 14-2.) After recommending that the

Court grant summary judgment on Plaintiff's federal claims, and noting that Defendants did not address the state law claim in their briefing, the Magistrate Judge determined that the Court should decline to exercise supplemental jurisdiction over this claim and instead remand it to state court for determination.

Both Plaintiff and Defendants object to the Magistrate Judge's Report in this regard. First, Defendants assert that they did not address any state court claim because it was not properly pleaded in Plaintiff's amended complaint, noting that the one-page "tort claim" attachment to the amended complaint, which references the South Carolina Tort Claims Act as well as § 1983, is unsigned by Plaintiff and is not included within the body of Plaintiff's amended complaint. Defendants assert that even under liberal pleading standards, the Court cannot *sua sponte* create this cause of action for Plaintiff, and Defendants note that in support of his claims Plaintiff cites only federal law and cases addressing Constitutional claims. Importantly, Plaintiff also objects to the Magistrate Judge's creation of a state law claim, asserting that "defendant's [sic] deliberate indifferent [sic] is the cause for the gross negligence," and citing *Farmer* in support. It thus appears that Plaintiff does *not* intend to assert a separate state law gross negligence claim.

After review, therefore, the Court sustains Defendants' and Plaintiff's objections and declines to adopt the portion of the Magistrate Judge's Report that reads a state law claim in Plaintiff's amended complaint. Based on the record before the Court, including the parties' objections, it appears that Plaintiff intends to raise only federal claims in this action for violation of the Fourteenth and Eighth Amendments. Accordingly, there is no need to remand any state law claim to state court at this time.

**CONCLUSION**

Based on the foregoing, the Court sustains Defendants' objections (ECF No. 42) and sustains in part and overrules in part Plaintiff's objections (ECF No. 47), as outlined herein. The Court adopts the Magistrate Judge's Report (ECF No. 40) only as to Plaintiff's federal claims, and the Court grants Defendant's motion for summary judgment (ECF No. 31). Because the Court finds no properly alleged state law claim, the Court declines to adopt the portion of the Magistrate Judge's Report that recommends remanding a state law claim, and this matter is hereby ended.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 12, 2022
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.